I think that this case we enter what is sort of a quagmire of what does Santos really mean and what is the difference between proceeds and profits. Well just as an initial proposition, isn't it Justice Stevens' opinion that controls here? Well, Your Honor, I'm not exactly sure what you mean by controls. Well, we had kind of a plurality opinion in this case and his was the fifth opinion that made it the majority. And I think the rule is that whatever restrictions that individual places on the judgment controls. Okay, Your Honor, I'm sorry I didn't understand the question because there's a sort of debate about what exactly Justice Stevens held because he sort of has two prongs. He says that you apply the merger doctrine here and that's why you find in Santos that there is a problem in the case because the crime merges with the money laundry. He also made a comment that he believed that the legislature did not intend a merger of, well he didn't phrase it quite this way, but my inartful rephrasing would be that he did not intend merger where the underlying crime was the sale of contraband, which will get us exactly to what we are here because the crime here is conspiracy to possess with the intent to distribute cocaine, aiding and abetting possession, and conspiracy to aid and abet in money laundry. Well, what I thought was a critical thing was his definition of proceeds. I'm sorry, what? His definition of proceeds seems to me to be the critical thing here. Well, Your Honor, I believe his definition of proceeds, any wealth acquiring crime with multiple participants would become a money laundry when the initial recipient of the wealth gives his confederate their shares. That's the merger. So the definition of proceeds is profits where a wealth acquiring crime necessarily results in the distribution of money, which is exactly what you have in this particular case. And this is not limited to a situation where you have simply an illegal lottery as you had in Santos. Now some circuits have held that it is limited because you apply all the restrictions. The narrowest reading of Santos is that proceeds mean profits only in an illegal lottery situation. But this court has held in both Van Alstyne and three days ago in Moorhead that it is not limited, that the Santos proceeds profits is not limited to simply an illegal lottery because in both of those cases, this court applied the same analysis to mail fraud. So this court has gone beyond simply saying it's an illegal lottery. So once you take it beyond that, then you have a situation where you have five of the judges is talking about a merger concept, including Stevens, which is rejected by the other four judges. Then you flip back and this court has said, okay, we're going to apply the merger where it's contraband. Well, then you get into, I believe, you get into the problem that the court also points out in Santos, which is, I'll get my note for a second here, the Clark versus Martinez problem, which the United States Supreme Court said you can't simply have interpreted statute as having a different definition for every crime that potentially comes under it, which is you suddenly say, okay, proceeds means profits unless it's certain crimes. There's no rational reason for making that decision and it is contrary to Clark versus Martinez, as several of the justices pointed out in the Santos position, in the Santos decision. So we have- Counsel, don't you look at the elements of the crime? In here, weren't the distinguishing element that's different for each one of these two crimes? There's a distinguishing element that's also different for money laundering and wire fraud. I don't think it's, I think the analysis requires an even finer parsing. So if you had a bank robbery and then the bank robber took the money and laundered it in some way, you couldn't prosecute him for money laundering and bank robbery? Well, it depends on how he laundered it. I mean, let me put it this way. It seems a little incongruous to me. Well, I think it is incongruous as well, Your Honor, which is why either proceeds equals profits for all of the crimes or, which is the only way to rationally interpret Santos. For instance, Your Honor, in this case, we don't know, because the record's not clear, what Mr. Gamboa did. Okay, he's charged with conspiracy, aiding and abetting, and conspiracy to aid and abet. What if his entire role in this was a runner? Same as the lottery ticket runner in Santos. And so when he was paid for his services as a mule or a runner, then that was the basis for his receipt of the money transfer. That is the same basis as the basis for the conviction in Santos. And that's why I believe there's a problem with saying it's proceeds or receipts in a drug case, but they're profits in a money laundering, I mean, sorry, money wire fraud case, or mail fraud or wire money. Well, under your theory, then, essentially, you're going to have a merger for any crime in which, or any two crimes in which you have the procurement of money by some illegal means, and then you also might have money laundering going on as well. Well, unfortunately, I believe that that particularly since we're not supposed to get into this. I mean, what I don't think that's what Justice Stevens said. I may be wrong, but I didn't call him up and ask him. Well, Your Honor, I don't know how you read. When you when you say wealth acquiring crime with multiple participants would become money money laundering when the initial recipient of the wealth gives his confederate their shares. I mean, that is when the merger occurs, and that is exactly what occurs in those cases, Your Honor. I mean, it's not in every case. What the court is actually going to have to engage in is the same thing they did in Moreland, where they're going to have to parse out, okay, there's a merger in this money laundering because he's paying so-and-so, but there's not a merger in this money laundering because he's paying somebody that's not in furtherance of the scheme. So if you interpret, unless you want to engage in a case by case, count by count analysis of the criminal behavior, which is what is happening now, particularly under, for instance, under Moreland and also under Van Alstyne, then you have to decide, well, we're going to engage in this or we're going to make a determination as to what does Santos really mean, and does Santos really mean that proceeds are profits for all cases? And then in the actual trial of the crime, the burden is on the government to show that some of the money was used as a profit, which is certainly one argument of what money laundering is supposed to be concerned about, not just paying their Or you're going to have to go into this analysis on a count by count, case by case basis, and I think that that is not what is intended, and I think that's also contrary to Clark v. Martinez. Would you like to save a minute for rebuttal? Yes, I would. Thank you. May it please the Court, Nancy Skeet for the United States. Your Honors, the district court's decision could be affirmed on one of the two grounds that the district court stated. The first ground was that the defendant failed to meet his burden of providing any factual support or evidence for his claim of actual innocence under Santos. On appeal, the defendant somehow suggests that it was the court's burden to present that evidence or to ask him to present the evidence, but it is the defendant's burden here in trying to establish that the Savings Clause applies to provide the factual support for his claim. Now, the other ground on which the district court denied the Savings Clause application was the actual innocence argument under Santos. And as the court just reiterated, it is Justice Stevens' opinion that forms the majority, the five votes, and we do have to interpret that in the most narrow possible sense under U.S. remarks, which this court has appropriately deemed the merger doctrine. And this court has applied that merger doctrine in the fraud context, but has not, as far as the government's been able to tell, in the context of narcotics. Now, there have been at least four circuits that have adopted the position of Justice Stevens and the four dissenting judges in Santos, which is that in cases of contraband or organized crime, the definition of proceeds is the broader definition. It's not limited to profits. That's one argument. Also, I think that the bank robbery analogy that Your Honor just mentioned is the appropriate one here if we're looking at this particular case under the merger doctrine. In other words, this defendant could have engaged in the money laundering activity that formed the basis of that count of conviction, and not engaged in any of the drug trafficking. And there was no merger. There are two separate types of crimes. The drug trafficking, I would ask the court to take judicial notice of the Fifth Circuit opinion in which it affirmed the defendant's conviction and sentence, which is what I looked at to try to figure out what the actual facts of the case were. And it seemed from that opinion, which is at 66F322, that this particular defendant, Mr. Gamboa, was engaged in brokering drug deals between Columbia and other members of the organization here in the United States. Those activities that formed the basis of those convictions, which resulted in his life sentence, were different from his activities involving packing up money and boxing up money in a stash house, which formed the basis of his money laundering conviction, which resulted in a 20-year sentence. Well, if the government proved beyond a reasonable doubt all of the elements of the drug brokering activities and simply submitted that, along with the indictment to the jury for money laundering, he would necessarily have been acquitted by the court of money laundering because they would not have established the necessary element for money laundering. The judge would have been bound to acquit him of money laundering. Likewise, if they would have just submitted all of the evidence they had on money laundering and then hoped to get a conviction for the drug brokering, the judge would have had to have acquitted him as a matter of law before it ever got to the jury for the drug distribution activities because they would have missed an element there. That's exactly right. And that's why we would submit there was no merger problem. And that's exactly the opposite of what was the evidence that they relied upon for the money laundering conviction. You know, I could only figure out from reading the government's brief in the case and from the court's opinion and the Fifth Circuit For the Fifth Circuit, right. And what do you take from that? Well, it looked like, here's what the court said. Gamboa opened the garage door of the Doon Ray Money Laundering Stash House seconds before the arrival of the van, which would later carry the $2.5 million. His fingerprints were found on some of the boxes containing the money. Each box was labeled with the amount of money contained therein. Also, toll records showed a number of calls from Gamboa's From the statement of facts in both the court's opinion and the government's brief, the activities Gamboa engaged in regarding the money laundering were brokering deals between an undercover agent and other members of the larger drug conspiracy. So they were separate activities, as far as I can tell. Separate activities, separate crimes. Totally different from the facts in Santos, where the operation, the way the gambling operation was conducted, it necessarily resulted in the money laundering criminal conduct. And that's where the merger, as far as I can tell, that's where the merger So if you had, if you had, you presented exactly the same evidence, you could have, you could have gotten a conviction on both. In fact, did get a conviction in Santos on both of those. Right. And I think that's what's, that is what troubled, rightly so, Justice Stevens and the four plurality justices, was that every time you paid a member of this gambling organization, you were automatically guilty of money laundering. And that was, that was the problem, which does not exist. These facts. If the court has no further questions, the government will submit. Okay. Thank you. I believe you had a minute for rebuttal. Just a brief follow up, When you were talking about the elements of money laundering and opening the garage door and finding the money there, in order to establish that that was illegal profits, the government would have had to present evidence that there was a conspiracy to possess cocaine. The same evidence would have come in, in order for those proceeds in the garage to have been found illegal. It's not a source of, derived from the illegal, established that it was derived from the illegal activity. Yeah. Just all. Yeah. But not, not the same. Not that he participated in the illegal activity, only that he knew that it was illegal activity. Yes. That he knew it was illegal activity. Right. But that doesn't necessarily mean they could have convicted him of cocaine distribution under that, on that ground. But Your Honor, in the same situation under Santos, the runner may have received money for having carried the lottery tickets, but we're not establishing that the runner was the person who was engaged in the conspiracy either. And as far as the, the only other point that the evidence would be that the petitioner has submitted evidence, both in his statement that the proceeds are profits and also in supplying the indictment in the case. Okay. Thank you. Matt, thank you for your arguments. The matter is submitted and we'll go to our next case for argument. Samboon, team Femeni.
judges: Ezra, Fletcher B. , Paez